# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANGEL MAYAN,

        Plaintiff,

v.                                                                         Case No. 06-C-113

BROWN COUNTY JAIL ADMINISTRATION,
JOHN DOE, ROB WEED, PAM PAGE,
NORB WENDRICKS, IDA TISKE,
JOHN JADIN, and KEN WHITE,

        Defendants.

# ORDER

The plaintiff, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on a claim that the defendants were deliberately indifferent to his serious medical needs. According to the August 23, 2006 amended complaint, while the plaintiff was detained at the Brown County Jail, the defendants "stonewalled" his attempts to get medical treatment for his mental illness, causing him pain and suffering. On January 30, 2008, the court issued an Order granting the defendants' motion for summary judgment and judgment was entered dismissing this action on the same day. On February 11, 2008, the plaintiff filed a motion to alter or amend the judgment, which will be addressed herein. The plaintiff's May 16, 2008, motion to appoint counsel, and June 4, 2008, motion for leave to proceed *in forma pauperis* on appeal will also be addressed herein.

## Plaintiff's Motion to Alter or Amend Judgment

The plaintiff has filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) "to include more and different facts." (Pl.'s Mot. at 1.) The plaintiff asserts that including more facts will allow him to produce documents for the court's consideration that he did not previously properly present due to his lack of legal knowledge. He avers that he litigated this case with the help of a Jailhouse Lawyer's Handbook which did not have everything that he needed to know to litigate the case. In sum, the plaintiff argues that if the court grants his motion, he will have the opportunity to submit additional information for the court's consideration in a proper form under the Federal Rules of Civil Procedure.

In response, the defendants contend that the plaintiff's motion and supporting materials do not entitle him to the relief he seeks and that "the motion fails of its essential purpose and lacks basis in either fact or law to accomplish the task which Mr. Mayan seeks to achieve." (Defs.' Resp. at 1.) According to the defendants, the plaintiff's motion is not the correct procedural avenue to seek an appeal of the court's ruling granting their motion for summary judgment. Rather, they assert that in order to seek review or relief from the court's judgment dismissing the case, the plaintiff was required to file a notice of appeal pursuant to the Federal Rules of Appellate Procedure. The defendants conclude that the plaintiff has failed to timely file a notice of appeal, this matter is not subject to further litigation, and, therefore, his motion to amend the judgment is moot.

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed within ten business days of the district court's order. *See* Fed. R. Civ. P. 59(e), 6(a); *see also Edwards v. United States*, 266 F.3d 756, 757 (7th Cir. 2001). In this case, since judgment was entered dismissing the case on January 30, 2008, the plaintiff had until February 13, 2008, to file his Rule 59(e) motion. Thus, the plaintiff's motion, which was filed on February 11, 2008, was timely filed.[1]

Rule 59(e) allows the court to alter or amend a judgment if: (1) the movant can demonstrate a manifest error of law or fact; (2) the movant presents newly discovered and previously unavailable evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure, § 2810.1, at 125-27 (1995); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to

---

[1] However, the court will not consider the plaintiff's other filings, filed February 26, 2008, in deciding his motion.

-3-

amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The court granted the defendants' motion for summary judgment on the plaintiff's medical care claim because the plaintiff did not "come forward with specific facts to show that the defendants' failure to prescribe him the medication that he wanted for his mental illness was anything more than a disagreement over the course of treatment." (Court's Order of January 30, 2008, at 15.) The court based its findings on the following undisputed facts:

> It is undisputed that when he arrived at the Jail on August 6, 2004, the plaintiff informed the Jail that he was taking medications for panic attacks and anxiety, Xanax and Klonapin. When Jail staff called the plaintiff's former doctor regarding whether there was an active prescription, they were informed that a prescription was not on file.
>
> On June 14, 2005, the plaintiff submitted an inmate request form in which he stated the name and contact information for the psychiatrist he was seeing prior to detention at the Jail. Defendant Nurse Wendricks contacted that office to determine what anxiety medications the plaintiff was taking prior to being incarcerated. Nurse Wendricks learned that the plaintiff did not have any current prescriptions for medications from that doctor, that the plaintiff's file had been closed due to numerous missed appointments, and that his final treatment date was January 27, 2004. After a review of the plaintiff's records, upon learning that the plaintiff did not have an active prescription for Xanax or Klonapin upon entry to the Jail, and upon examining the plaintiff, Nurse Wendricks found no objective evidence of a need for medication such as Xanax or Klonapin. The plaintiff presented with subjective complaints of anxiety but with no objective evidence to confirm those complaints. If Nurse Wendricks had discovered evidence that the plaintiff's condition was sufficiently serious to warrant the use of Xanax and Klonapin, he would have recommended that a medical doctor consider them to be prescribed. However, Nurse Wendricks had not seen a single objective finding to warrant providing a plan of care other than the one that was developed for the plaintiff.

(Court's Order of January 30, 2008, at 13-14.)

The plaintiff, pursuant to his Rule 59 (e) motion, seeks to introduce additional facts on summary judgment that he did not previously introduce due to lack of knowledge of the law. However, the plaintiff should have been aware of the proper manner of presenting facts, and the importance of properly refuting the defendants' proposed facts, in response to a summary judgment motion because the defendants' motion included the notice to *pro se* litigants required by this district's Local Rules. *See* Civil L.R. 56.1 (E.D. Wis.). Moreover, a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999) (quoting *Moro*, 91 F.3d at 876); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines."). In any case, the plaintiff has not demonstrated that he is entitled to relief under Rule 59(e). Thus, his motion to alter or amend judgment will be denied.

### Plaintiff's Motion to Appoint Counsel

On May 16, 2008, the plaintiff filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).[2] However, this case is closed. Thus, the plaintiff's motion will be denied.

### Plaintiff's Motion for Leave to Proceed In Forma Pauperis

As indicated, the plaintiff filed his complaint along with a motion for leave to proceed *in forma pauperis*, which the court granted on April 13, 2006. The court granted the defendants' motion for summary judgment on January 20, 2008, and judgment was entered dismissing this case on the same day. On May 16, 2008, the plaintiff filed his notice of appeal. He subsequently filed a motion for leave to proceed *in forma pauperis* on appeal.

A notice of appeal must be filed within 30 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(A). However, because the plaintiff filed his notice of appeal while his timely filed Federal Rule of Civil Procedure 59(e) motion was pending, the plaintiff's notice of appeal does not become effective until the court disposes of that motion. *See* Fed. R. App. 4(a)(4)(B)(I) ("If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining

---

[2] The court notes that it has already considered and denied three motions to appoint counsel brought by the plaintiff in this case. *See* Court's Orders of May 25, 2006, October 6, 2006, and May 7, 2007.

motion is entered."). The plaintiff's notice of appeal is effected as of the date of this order and, therefore, it was timely filed.

A plaintiff who was allowed to proceed *in forma pauperis* in the district court does not ordinarily need to provide reasons for an appeal. *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999). However, when *in forma pauperis* status has been denied, the appellant must file a motion that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

There are three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See* 28 U.S.C. § 1915(a)(2)-(3), (g). Under Fed. R. App. P. 24(a), a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*.

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim

that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In considering the plaintiff's request to proceed *in forma pauperis* before the district court, it was determined that the plaintiff met the indigence requirement of 28 U.S.C. § 1915(a)(1) and that his claims were neither malicious nor frivolous. As a result, this court does not find any indication that the plaintiff's appeal is not taken in good faith. Thus, the court will granted the plaintiff's request to proceed *in forma pauperis* on appeal.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $455.00 filing fee in advance for an appeal, he can request leave to proceed *in forma pauperis*. To proceed with an action or appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28

U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court. No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

Along with his request to proceed *in forma pauperis*, the plaintiff filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff is required to pay an initial partial filing fee of $0. Subsequent payments will be calculated and collected pursuant to 28 U.S.C. §1915(b)(2).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this appeal is later dismissed for any of the above reasons, it will have an impact on the plaintiff's ability to bring other actions *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to alter or amend judgment (Docket #137) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #153) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Docket #158) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee ($450.00) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case names and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois, 60604.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge